IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REY RAMIREZ,<br><br>    Defendant. | Case No. 3:14-CR-30181-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Defendant Rey Ramirez has moved for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A). (Doc. 854). Ramirez argues that extraordinary and compelling circumstances exist for his release because his obesity and overall poor physical health place him at significant risk for serious illness or death from COVID-19. (*Id.*).

  "A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). The Seventh Circuit has made clear that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Newton*, No. 21-2514, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). There remains, however, "a safety valve for prisoners who show they are unable to receive or benefit

from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). A district court must consider the movant's individualized arguments and evidence in determining whether his medical conditions constitute extraordinary and compelling reasons for compassionate release. *Id.*

Here, Ramirez states that he has been approved by his institution for consideration for home confinement under the CARES Act, he has served 70 percent of his sentence, the Bureau of Prisons has determined he has a low risk of recidivism, and his reentry plan has been deemed adequate. Ramirez also contends he has demonstrated a commitment to rehabilitation and has completed several courses including two drug treatment programs and a section of a Residential Drug Awareness Program. Finally, Ramirez states that he contracted COVID-19 in October 2020, and he has since been vaccinated.

In response, the Government notes that Ramirez did not have one health care visit in all of 2021 complaining of any health-related issues unrelated to his vision and dental care. (Docs. 858-1, 858-2). Ramirez is obese, but there is no evidence demonstrating he is in overall poor physical health, and he has been vaccinated and boosted. (*Id.*). Thus, there are no extraordinary and compelling reasons for immediate release. And, even if there were, Ramirez has failed to show he is not a danger to the community. The Government cites Ramirez's involvement in a large-scale drug trafficking conspiracy, as well as the eight disciplinary infractions he has received while imprisoned. (Doc. 858-3).

The Court acknowledges Ramirez's obesity and prior COVID-19 infection, but notes that his risk of serious illness or death is greatly diminished with his receipt of the

Moderna vaccine and booster shot. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("[V]accines provide a much better defense against infection than any judicial order could do."). Additionally, Ramirez has provided no facts or argument showing that he remains vulnerable to severe infection notwithstanding the vaccine. *See Newton*, 2022 WL 2145230, at *2. Based on the evidence presented, the Court cannot find any extraordinary and compelling reasons warranting compassionate release in this instance. And, because there are no extraordinary and compelling circumstances, the Court need not consider whether release is warranted under 18 U.S.C. § 3553(a). *See Ugbah*, 4 F.4th at 598 ("Because Ugbah cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all.").

For these reasons, the Motion for Compassionate Release filed by Defendant Rey Ramirez (Doc. 854) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 28, 2022

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**